UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Randy J. Lassere** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No.12-2131** |
| | * | |
| **Home Depot U.S.A., Inc.** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court are cross Motions for Summary Judgment filed on behalf of Plaintiff Randy J. Lassere (R. Doc. 32) and on behalf of Defendant Home Depot U.S.A., Inc. (R. Doc. 29). The Court has reviewed the submitted memoranda and the applicable law, and having talked to the parties, is ready to rule. For the following reasons, both Motions are denied.

## I. BACKGROUND

This case arises out of a personal injury alleged to have occurred in a Home Depot store. Plaintiff Randy J. Lassere alleges that, on the morning of January 9, 2012, he was shopping in the lumber department of the Home Depot in Chalmette, Saint Bernard Parish, Louisiana, when a metal pipe securing lumber in a bin came loose and struck him in the head, causing injuries. Lassere alleges that he sustained a concussion, dental injury, and injury to his neck and back.

Defendant claims that it would be virtually impossible for the safety rod to slip out of its holder and strike the Plaintiff in the manner that he claims. Further, Defendant claims that Plaintiff was very familiar with the Home Depot store and the store's method for stacking and storing wood.

## II. PRESENT MOTIONS

1

Home Depot filed a Motion for Summary Judgment on August 8, 2013.  (R. Doc. 29). Randy J. Lassere filed a Cross motion for Summary Judgment (R. Doc. 32).

## III. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A factual dispute is 'genuine' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party."  *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

### B. Analysis

The Court finds that this controversy is pregnant with facts.  The questions of whether the safety rod injured the Plaintiff, whether the Plaintiff was familiar with the operation of the rod, and whether the rod was faulty are all questions of fact.  Accordingly, these are the types of issues that are appropriate for trial, not summary judgment.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (R. Doc. 32) is **DENIED**. **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (R. Doc. 29) is **DENIED**.

New Orleans, Louisiana, this 30th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE